# ALSTON & BIRD

90 Park Avenue
New York, NY  10016

212-210-9400
Fax: 212-210-9444
www.alston.com

Adam J. Kaiser                    Direct Dial: 212-210-9465                    Email: adam.kaiser@alston.com

August 14, 2020

**VIA ECF**

The Honorable John G. Koeltl, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, New York  10007

> Re:   The Legacy Agency, Inc. v. Brodie Scoffield et al.
>       No. 1:20-cv-5771 (JGK)

Dear Judge Koeltl:

The firm is counsel to Respondents/Defendants in this action.  We write pursuant to Rule VI (A)(2) of this Court's Individual Practices Rules, to request entry of an Order sealing certain documents previously filed in this case and permitting the parties to file certain additional papers in redacted form.

This case involves dueling applications to confirm and vacate an arbitral award.  The arbitration was conducted under the jurisdiction of the Major League Baseball Players Association ("MLBPA"), the union that represents players in Major League Baseball.  Since 2010, the MLBPA has exercised its authority under federal labor law to take exclusive jurisdiction over disputes between agents concerning the enforceability of post-employment restrictive covenants, requiring under its Agent Regulations that parties arbitrate such disputes exclusively before the MLBPA.  The dispute at hand concerns an arbitral award that was issued concerning the enforceability of certain restrictive covenants.  Petitioner contends that the award should be confirmed; Respondent/Defendant Brodie Scoffield contends the award should be vacated (the other two Respondents/Defendants do not oppose confirmation of the award).

Pursuant to the Agent Regulations, arbitration proceedings and arbitration awards are confidential and may not be shared with the public.  This is found in two separate provisions of the Agent Regulations.

First, §7(A)(18) of the Agent Regulations provides, in pertinent part:

> **Use of Proceedings and Decisions** – Arbitration
> proceedings pursuant to this Section 7(A) are confidential,

The Honorable John G. Koeltl, U.S.D.J.
Page 2

> except to the extent that disclosure of any aspect of the proceedings (*e.g.,* the grievance, answer, reply, briefs or other filings, hearing transcript, exhibits, etc.) is necessary, in the judgment of the MLBPA, for the effective administration of these Regulations or the effective representation of Players.

Second, § 7(B)(17) of the Agent Regulations provides, in pertinent part:

> **Use of Proceedings and Decisions** – Arbitration proceedings pursuant to this Section 7(B) are confidential, except to the extent that disclosure of any aspect of the proceedings (*e.g.,* the notice, appeal, briefs or other filings, hearing transcript, exhibits, etc.) is necessary, in the judgment of the MLBPA, for the effective administration of these Regulations or the effective representation of Players.

In its Petition to confirm the arbitral award, Petitioner made public the arbitral award in the case at bar (the "Award").  In his application to vacate the arbitral award, Mr. Scoffield made public several arbitral decisions before the MLBPA issued in other arbitrations involving different parties ("Prior Awards").

The MLBPA has asked the parties to the case to respectfully request that the Court seal all MLBPA arbitral awards, including the Award and the Prior Awards.  *See* Exhibit A.  In addition, the MLBPA has requested that the parties' respective motion papers and pleadings be sealed and then re-filed in redacted form to protect the confidentiality of the Award and Prior Awards.

After receiving the MLBA's request to seal the subject papers, our firm's clerk's office sought guidance from the ECF Help Desk about the mechanisms available to immediately seal Defendants' Notice of Removal and accompanying Exhibits 1-11 (D.E. 1) and Defendants' Answer to Complaint (Notice of Removal) and accompanying Exhibits 1-5 (D.E. 6).  Our staff was advised to contact the NYSD Help Desk and request that they place the documents under temporary seal and to make a formal application to the Court.  The NYSD Help Desk granted that request on August 5.  This application follows.

The MLBPA's request is reasonable.  As set forth in the Agent Regulations, the MLBPA decided to exercise exclusive jurisdiction over disputes concerning post-employment covenants between its certified "Player Agents" (agents authorized by the MLBPA to represent MLB players in individual salary negotiations) to ensure that "all disputes **--** which involve essentially internal matters concerning the relationships and dealings among individual Players, Player Agents, Expert Agent Advisors, Applicants and the MLBPA in its capacity as the exclusive bargaining representative for the Players **--** are handled expeditiously and privately by the impartial tribunals established in these Regulations, instead of through more costly, time-consuming and public formal court proceedings."  Agent Regulations, § 7 (preamble).  The MLBPA, respectfully, is entitled to resolve in private disputes internal to the

The Honorable John G. Koeltl, U.S.D.J.
Page 3

MLBPA, as it discharges its duty under federal labor law to represent MLB players. According to the MLBPA, its ability to discharge its duties as the representative of MLB players will be compromised if its internal deliberations and processes—including arbitration awards produced through its internal processes—become public.

In seeking an order sealing certain parts of the parties' submissions, it is not the interest of the parties, but the interests of the MLBPA in preserving confidentiality over its inner workings, that the parties are seeking to protect. Under these circumstances, where confidentiality is required under the Agent Regulations as an exercise of the MLBPA's powers under federal labor law, entry of an order sealing documents the MLBPA deems confidential and private to is appropriate. *See e.g., First State Ins. Co. v. Nat'l Cas. Co.*, 2013 U.S. Dist. Lexis 188100 (S.D.N.Y. Feb. 19, 2013) (sealing arbitration award and related documents where arbitrator ordered confidentiality, where public interest in the matter was slight and privacy interests were significant).

In *First State Ins. Co.*, the Court ordered that the arbitration award be sealed that any other document filed in the case quoting the award be sealed. *Id*. \*12. The parties seek the same relief here. More specifically, Respondents request that:

1. The Notice of Removal (Dkt. No. 1) be sealed, with Defendants/Respondents instructed to file a redacted Notice of Removal redacting any quotation of the Award or Prior Awards, or any specific findings or holdings of the Award or Prior Awards;
2. The Award, the Arbitrator's June 15, 2020 clarification letter, and correspondence related to the Award (Dkt. Nos. 1-3; 1-4; 1-5) be sealed;
3. The Prior Awards (Dkt Nos. 6-3; 6-4; 6-5) be sealed;
4. The Petition to confirm the arbitral award (Dkt. Nos. 1-1; 1-2; 1-9; 1-10; 1-11) be sealed, with Petitioner instructed to file a redacted Petition redacting any quotation of the Award or specific findings or holdings of the Award;
5. The Answer, Counterclaim and Cross-Petition) to vacate the arbitral award (Dkt. No. 6) be sealed, with Defendants/Respondents instructed to file a redacted Answer, Counterclaim and Cross-Petition redacting any quotation of the Award or Prior Award, or any specific findings or holdings of the Award or Prior Award;
6. All future filings redact any quotation of the Award or Prior Award, or any specific findings or holdings of the Award or Prior Award, with copies of the unredacted pleadings sent to the Court via email and overnight courier, or as the Court may otherwise direct; and
7. All future filings consisting of materials submitted in the arbitration (e.g., exhibits, briefs, transcripts) be filed under seal.

The Honorable John G. Koeltl, U.S.D.J.
Page 4

      The parties and the MLBPA are available for a status conference if the Court wishes to discuss this matter.

      Respectfully submitted,

      */s/ Adam J. Kaiser*
      ADAM J. KAISER

cc:  Counsel of Record
     Robbie Guerra, Esq. (MLBPA) (by email)