UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In the Matter of the Arbitration of
Certain Controversies Between

THE LEGACY AGENCY, INC.,

        Petitioner,

  - against -

BRODIE SCOFFIELD, MEGHAN WHELAN, and
CHRIS AMEZQUITA,

        Respondents.

------------------------------------------------------------------- x

20-cv-5771 (JGK)

[PROPOSED] JUDGMENT CONFIRMING ARBITRATION AWARD

UNDER SEAL

      This matter comes before the Court pursuant to a petition filed by petitioner The Legacy Agency, Inc. ("Legacy" or "Petitioner") to confirm two decisions issued by Arbitrator Sylvia P. Skratek on May 6, 2020 and June 15, 2020, respectively (the "Award"), which resolved disputes involving Legacy and three of its former employees, Respondents Brodie Scoffield ("Scoffield"), Meghan Whelan ("Whelan"), and Chris Amezquita ("Amezquita"). After the Respondents removed this action from the New York State Supreme Court, Scoffield cross-moved to vacate the Award. The arbitrator was appointed by, and the arbitration occurred under the auspices of, the Major League Baseball Players Association ("MLBPA").

      In an Opinion and Order dated September 8, 2021 (ECF No. 59), the Court granted Petitioner's motion to confirm and denied Scoffield's cross-motion to vacate. The Court enters Judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332, because diversity of citizenship is complete between Petitioner, a Delaware corporation with its principal place of business in New York, and Respondents. Scoffield and Whelan are citizens of California, and Amezquita is a citizen of South Carolina. The amount in controversy between Petitioner and each Respondent exceeds $75,000.

2.   This Judgment fully incorporates in its entirety, and confirms in all respects as a judgment of this Court, the Award, issued in *The Legacy Agency, Inc. v. Brodie Scoffield and Meghan Whelan/Chris Amezquita v. The Legacy Agency, Inc.*, MLBPA No. 2020-5.

3.   The Award is confirmed in all respects and enforced, including with respect to the contractual "fee tails" as modified by the arbitrator and the amounts owed to Scoffield by Legacy.

4.   The parties agree that fee tails are owed by Scoffield pursuant to the Award for the period from September 7, 2018 (the date of Scoffield's resignation) to the date of the entry of this judgment. Scoffield has disclosed to Legacy that ~~at least~~ $824,626.82 is due and owing [JGK initialed] for fees collected through 2019, but has not yet disclosed the total fees collected for 2020 and 2021. Legacy has judgment against Scoffield as follows:

  a.   In accordance with the Award, pre-judgment interest for all amounts due under the Award, calculated from June 25, 2020 (as provided in the June 15, 2020 decision) to the date of entry of this Judgment, at the rate of 5%, which is the rate applicable to back-pay used by the National Labor Relations Board as of June 25, 2020.[1]

  b.   Post-judgment interest pursuant to 28 U.S.C. § 1961(a), for any amounts currently due under the Award but unpaid after the date of entry of this Judgment.

---

[1]   The applicable interest rate is set quarterly by the Internal Revenue Service. *See* https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/interest-rates-used-for-computation-of-back-pay/.

  c. $824,626.82, representing fees collected by Scoffield through 2019 as represented by Scoffield, plus pre-judgment interest calculated in accordance with Section 4(a) above, equal to $ ~~8~~ $51,962.79      861C

  d. Costs in the amount of $1,426.47, which includes Legacy's filing and service costs.

  e. Reasonable attorneys' fees incurred by Legacy in connection with enforcing the Award against Scoffield and Whelan.

5. Legacy reserves the right to determine the actual amounts due as of the date of entry of this judgment, including whether additional amounts are due through 2019.

6. Legacy has judgment against Whelan in accordance with the Award, including to provide an accounting of all fees collected by Tidal from former TLA clients with respect to marketing agreements entered into prior to September 7, 2018.

7. Scoffield has judgment against Legacy as follows. In accordance with the Award, judgment is entered in favor of Scoffield and against Legacy in the amount awarded to Scoffield in the Award, totaling $41,750.86. No pre-judgment interest is awarded on this amount. Post-judgment interest pursuant to 28 U.S.C. § 1961(a) shall run for any amounts currently due under the Award but unpaid after the date of entry of this Judgment.

8. Amezquita has judgment against Legacy in accordance with the Award, including that Amezquita is not bound by the restrictive covenants contained in his employment agreement. As provided in the Award, Amezquita is not entitled to liquidated damages from Legacy under Amezquita's employment agreement.

9. The Court retains Jurisdiction for purposes of confirming and enforcing any further award made by the arbitrator.

10. ~~Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay~~. *SC/C* This Judgment shall become effective upon entry by the Court.

**SO ORDERED**

Dated:   New York, New York
         September 28, 2021

_____
John G. Koeltl, U.S.D.J.