**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**THE LEGACY AGENCY, INC.,**

**Petitioner,**

**- against -**

**BRODIE SCOFFIELD, MEGHAN WHELAN, and CHRIS AMEZQUITA,**

**Respondents.**

---

**20-cv-5771 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

This action relates to two decisions by an arbitrator appointed by the Major League Baseball Players Association (the "MLBPA") that were rendered to settle an employment dispute between The Legacy Agency, Inc. ("Legacy") and three of its former employees, Brodie Scoffield, Meghan Whelan, and Chris Amezquita. On September 8, 2021, the Court granted Legacy's petition to confirm the arbitrator's award (the "Award") and subsequent clarification decision (the "Clarification Decision") and denied Scoffield's cross-petition to vacate. See Legacy Agency, Inc. v. Scoffield, --- F. Supp. 3d ---, 2021 WL 4155238 (S.D.N.Y. Sept. 8, 2021) (the "Confirmation Order"). The Court then entered an appropriate judgment. ECF No. 73 (the "Judgment").

Legacy now moves pursuant to Federal Rule of Civil Procedure 54(d)(2) for attorney's fees incurred in connection with its efforts to confirm the Award and Clarification

Decision. For the reasons that follow, Legacy's motion for attorney's fees is **granted**.

**I.**

The Court assumes familiarity with the Confirmation Order, which recites the background of this dispute in detail. See generally Confirmation Order at *1-6. The facts relevant to resolving Legacy's motion for attorney's fees are set forth below and are undisputed unless otherwise noted.

**A.**

Scoffield's employment agreement includes the following provision:

> In the event of any arbitration or other action arising out of or related to this Agreement, the prevailing party in such arbitration or other action shall be entitled to receive an award of all costs and expenses of such arbitration or other action, including reasonable attorneys' fees and costs and all other expenses in connection therewith, in addition to any other award or remedy provided in such arbitration or action.

ECF No. 1-6 ¶ 9(f) ("Scoffield's Employment Agreement").

The execution of Scoffield's Employment Agreement was contingent on Scoffield's execution of a non-disclosure and non-solicitation agreement, which was attached as an exhibit to his Employment Agreement. Id. ¶ 7; ECF No. 1-7 (the "NDA"). Scoffield's Employment Agreement and the NDA were both executed on the same day.

Section 9(c) of the NDA also includes an attorney's fees provision:

> In the event of any arbitration under this Agreement, the prevailing party in such arbitration or other action shall be entitled to receive an award of all costs and expenses of such arbitration or other action, including reasonable attorneys' fees and costs and all other expenses in connection herewith, in addition to any other award or remedy provided in such arbitration or action, provided that section 7(A) of the MLBPA's Regulations Governing Player Agents allow such an award of costs and expenses, including reasonable attorney fees.

Section 7(A) of the MLBPA's Regulations Governing Player Agents (the "Regulations") lays out the "exclusive arbitration procedures for resolving disputes" between player agents and their employers, and provides in relevant part:

> **§7(A)(17) - Costs of Arbitration** - Each party will bear the costs of its own witnesses and counsel. Costs of arbitration, including the Arbitrator's fees and expenses, will be borne equally by the parties; provided, however, that if the Arbitrator concludes that any claim or defense was frivolous or was filed in bad faith, the Arbitrator may assess the party asserting such claim or defense with some or all of the opposing party's costs, including but not limited to the opposing party's attorneys fees.

Regulations § 7(A)(17).

Whelan's employment agreement includes the following provision:

> If any party initiates any litigation against any other party involving this Agreement, the prevailing party in such action shall be entitled to receive reimbursement from the other party for all reasonable attorneys' fees and other costs and expenses incurred by the prevailing party in respect of that litigation, including any

appeal, and such reimbursement may be included in the judgment or final order issued in that proceeding.

ECF No. 1-8 ¶ 7 ("Whelan's Employment Agreement").

The parties sought attorney's fees incurred in connection with the litigation of the arbitration from the arbitrator. Award at 63. The arbitrator found that no party was entitled to attorney's fees under Section 7(A)(17) of the Regulations because the parties did not bring claims or defenses that were frivolous or pursue them in bad faith. Id.

**B.**

Legacy first sought attorney's fees in connection with this action in its petition to confirm the Award and Clarification Decision. ECF No. 1-2 ¶ 34 (the "Petition" or "Pet.") (citing Scoffield's Employment Agreement, Whelan's Employment Agreement, and the NDA). Legacy also argued that it was entitled to attorney's fees "incurred in connection with its efforts to enforce the Award" in its memorandum of law in support of the Petition. ECF No. 1-9 at 9-10. Scoffield did not address or make arguments relating to Legacy's request for attorney's fees in his cross-petition to vacate the Award. ECF No. 6 (the "Cross-Petition" or "Cross-Pet.").

In the Confirmation Order, the Court concluded that Legacy was entitled to "costs and attorney's fees in connection with its efforts to enforce the Award against Scofield and Whelan."

Confirmation Order at *13. The Court noted that "Legacy is not seeking, and the Court is not awarding, attorney's fees incurred by Legacy in the course of the underlying arbitration." Id. at *13 n.9.

On September 13, 2021, Legacy submitted a proposed judgment that included the following provision: "Legacy has judgment against Scoffield as follows: . . . Reasonable attorney's fees incurred by Legacy in connection with enforcing the Award against Brodie Scoffield and Meghan Whelan." ECF No. 60 ¶ 4(e). On September 17, 2021, the respondents submitted their own proposed judgment that included an identical provision. ECF No. 69-1 ¶ 4(e). On September 21, 2021, the Court sent the parties an edited version of the proposed judgment that included the attorney's fees provision that appeared in the parties' respective submissions.

On September 27, 2021, the Court held a conference and listened to the parties' comments regarding the proposed judgment. The respondents did not raise any objection to the inclusion of the attorney's fees provision in the judgment. On September 28, 2021, the Court issued a judgment that included the attorney's fees provision. Judgment ¶ 4(e).

## II.

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Legacy moved for $146,590.58 in attorney's fees incurred in this action.

The respondents oppose Legacy's motion on two bases. See ECF No. 76 ("Respondents' Opposition" or "Opp'n"). First, the respondents argue that under the governing law and relevant agreements, Legacy is not entitled to any award of attorney's fees incurred in this action. Id. at 1-6. Second, the respondents argue that even if Legacy were entitled to attorney's fees, Legacy's request for $146,590.58 is unreasonable and that any award should be substantially reduced. Id. at 6-7.

## III.

### A.

The respondents' argument that Legacy is not entitled to any award of attorney's fees is untimely. As explained above, the respondents' brief in opposition to Legacy's motion for attorney's fees was the first time in this litigation that the respondents argued that an award of attorney's fees incurred in litigating enforcement of the arbitrator's Award and Clarification Decision was inappropriate. The respondents did not make any argument opposing an award of attorney's fees until after (1) Legacy requested attorney's fees in the Petition and

in the memorandum of law in support of the Petition; (2) the Court awarded attorney's fees to Legacy in the Confirmation Decision; (3) both Legacy and the respondents submitted proposed judgments that awarded Legacy attorney's fees; and (4) the Court entered a judgment that incorporated the proposed attorney's fees provision.

The respondents should have raised its arguments opposing an award of attorney's fees in its Cross-Petition. And if the respondents were unsatisfied with the Confirmation Decision's award of attorney's fees to Legacy, then the respondents should have moved for reconsideration of the Confirmation Decision pursuant to Local Civil Rule 6.3. Instead, the respondents submitted a proposed judgment that specifically provided for an award of attorney's fees that they now contend should not be awarded. The respondents also did not object to the inclusion of the attorney's fees provision in the Court's Judgment despite being afforded an opportunity to do so. Because the Judgment provides that Legacy is entitled to attorney's fees, the respondents' argument that Legacy should not be awarded any attorney's fees should be analyzed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).

A motion to alter or amend a judgment pursuant to Rule 59(e) is evaluated under the same standard as a motion for reconsideration under Local Civil Rule 6.3. Graham v.

Sullivan, No. 86-cv-163, 2002 WL 31175181, at *2 n.2 (S.D.N.Y. Sept. 23, 2002). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "cannot assert new arguments or claims which were not before [the] court on the original motion." Solutia Inc. v. FMC Corp., 456 F. Supp. 2d 429, 455 (S.D.N.Y. 2006); see also Schoolcraft v. City of New York, No. 10-cv-6005, 2014 WL 3952905, at *4 ("New arguments advanced by a party without excuse as to why these arguments were not raised previously are not cognizable on a motion for reconsideration.").

The respondents have not put forward any excuse as to why they failed to raise any objection to Legacy's entitlement to attorney's fees at any earlier point in this litigation. Accordingly, the respondents' new arguments are not properly before the Court, and their request that Legacy be denied any attorney's fees is rejected.

**B.**

In any event, the respondents' argument would fail on the merits. The respondents argue as follows: (1) the dispute in the underlying arbitration arose solely out of the NDA and not

out of Scoffield's Employment Agreement; (2) accordingly, the terms of the NDA alone govern whether Legacy is entitled to attorney's fees; (3) the NDA does not provide for the recovery of attorney's fees incurred in connection with the confirmation of an arbitration award; and (4) there is therefore no basis on which to award Legacy attorney's fees. See Opp'n at 1 (citing Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC, 610 F. App'x 464, 467-71 (6th Cir. 2015) (explaining that a party is not entitled to attorney's fees incurred when enforcing an arbitration award unless the payment of such fees is authorized by contract)).

The respondents' argument rests on faulty premises and an improper interpretation of the NDA and MLBPA Regulations. First, the respondents are incorrect that the NDA alone, and not Scoffield's Employment Agreement, governs Legacy's entitlement to attorney's fees. As discussed above, the NDA was appended to the Employment Agreement, the two documents were signed on the same day, and the execution of the Employment Agreement was contingent on the execution of the NDA. In the underlying arbitration, the arbitrator rejected Scoffield's "attempt[] to separate the NDA from his overall Employment Agreement," finding that the NDA is "inextricably linked to the Employment Agreement" and that the two documents "cannot be separated and viewed independent of one another." Clarification Decision at

1-2. The arbitrator further found that the dispute before her arose out of both Scoffield's Employment Agreement and the NDA. See, e.g., Award at 2, 57; Clarification Decision at 2. Accordingly, the terms of both the NDA and the Employment Agreement are relevant to determining whether attorney's fees were properly awarded to Legacy.

The Employment Agreement explicitly entitles Legacy to attorney's fees incurred in this action. The Employment Agreement provides that "[i]n the event of any arbitration or other action arising out of or related to this Agreement, the prevailing party in such arbitration or other action shall be entitled to receive . . . attorney's fees and costs and all other expenses in connection therewith." Scoffield's Employment Agreement ¶ 9(f) (emphasis added); cf. Crossville, 610 F. App'x at 468 ("The Agreement here only authorizes an arbitrator to award attorneys' fees and costs during arbitration, and authorizes the district court to enter the award as a judgment.") (emphasis in original). This action to confirm the Award is plainly related to Scoffield's Employment Agreement and there can be no reasonable dispute that Legacy, whose Petition was granted in whole, was the prevailing party in this case.

Legacy is likewise entitled to attorney's fees under the NDA. Section 9(c) of the NDA provides that "[i]n the event of any arbitration under this Agreement, the prevailing party in

such arbitration or other action shall be entitled to receive . . . reasonable attorney's fees . . . provided that" Section 7(A) of the Regulations "allow[s]" such an award. NDA § 9(c) (emphasis added). The parties agree that Section 7(A) of the Regulations, which in relevant part governs only the "costs of arbitration," does not discuss the costs incurred in any subsequent enforcement action. See Regulations § 7(A)(17). Because attorney's fees incurred in this action are explicitly available under Section 9(c) of the NDA and are not otherwise prohibited or disallowed by the Regulations, the respondents' arguments fail.[1]

Accordingly, as the Court previously held in the Confirmation Order, Legacy is entitled to an award of attorney's fees incurred in this action pursuant to the Employment Agreement and NDA.

IV.

In support of its request for $146,590.58 in attorney's fees, Legacy relies on a declaration submitted by its counsel, Howard J. Kaplan, a partner at Kaplan Rice LLP ("Kaplan Rice"). ECF No. 74-1 ("Kaplan Decl."). Mr. Kaplan declared that Kaplan Rice attorneys spent a total of 311.3 hours working on this

[1] The arbitrator did not award attorney's fees incurred in the arbitration itself and Legacy has not attempted to recover such fees. There is no argument that the arbitrator limited in any way attorney's fees incurred in confirming the Award.

litigation between June 2020 and September 2021. Appended to Mr. Kaplan's declaration are Kaplan Rice's invoices to Legacy, which include Kaplan Rice attorneys' time entries detailing their work on this matter. See Kaplan Decl. Exs. 1-7.

The respondents do not take issue with the hourly billing rates charged by Legacy's counsel. However, the respondents contend that Legacy's efforts to confirm the Award as to Whelan and Amezquita and briefing relating to certain jurisdictional issues was unnecessary. The respondents also argue that 311.3 hours "seems unreasonably excessive" and that is "impossible to tell where too much time was spent" because Legacy allegedly failed to submit Kaplan Rice's time entries. Opp'n at 7.

The respondents' arguments with respect to Whelan, Amezquita, and the jurisdictional issues are without merit. First, Legacy's Petition and accompanying motion only briefly addressed Whelan and Amezquita, and Legacy ceased making arguments as to those respondents after it was clear that Scoffield alone was seeking to vacate the Award. Moreover, the fact that Whelan and Amezquita had already satisfied their obligations under the Award does not render confirmation of the Award with respect to them meaningless or unnecessary. See, e.g., Nat'l Cas. Co. v. Resolute Reinsurance Co., No. 15-cv-9440, 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016) (rejecting the argument that "confirming [an arbitration] award would not

have any legal purpose because the parties agree that [the respondent] complied with the award" and explaining that parties have an "independent right to such confirmation").

Likewise, Legacy's counsel's work researching and briefing the issue of jurisdiction under the Labor Management Relations Act ("LMRA") was not excessive or unnecessary. It was the respondents who initially filed a notice of removal with defective allegations of subject matter jurisdiction, see Confirmation Decision at *6, and as Legacy notes, the respondents never withdrew their contention that jurisdiction was proper under the LMRA. Accordingly, it was not unreasonable for Legacy's counsel to have spent time researching and briefing this issue.

Finally, the respondents' general grievance that Legacy's counsel spent too much time on this case lacks merit. First, as noted above, Legacy did in fact submit its counsel's time entries. There is therefore no reason why the respondents could not have identified specific examples of work that the respondents contend were unnecessary. Except for the instances discussed above, they failed to do so. See Parris v. Pappas, 844 F. Supp. 2d 262, 269 (D. Conn. 2012) (reduction of proposed fee award was not warranted because the opposing party "point[ed] to no specific time entries to support their claim that duplicative work was performed.").

Regardless, the number of hours billed by Legacy's counsel was not unreasonable. Scoffield vigorously opposed Legacy's Petition and motion to confirm the Award, and filed his own Cross-Petition to vacate the Award in which he raised a litany of arguments that Legacy had to address. Scoffield's Cross-Petition raised several complex legal issues and substantive objections to the arbitrator's Award, including arguments relating to jurisdiction, the applicable standard of review, and the arbitrator's interpretation of the parties' agreements and the Regulations. See generally Confirmation Decision at *8-12. Accordingly, 311.3 hours was a reasonable amount of time to have spent working on this action.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, Legacy's motion for attorney's fees in the amount of $146,590.58 is **granted.**

The Clerk is directed to close Docket No. 74.

**SO ORDERED.**

**Dated: New York, New York**
**November 15, 2021**

**John G. Koeltl**
**United States District Judge**